**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LEXINGTON DIVISION**

IN RE

WIKELEY FAMILY TRUSTEE                                          CASE NO. 23-50420
LIMITED (IN LIQUIDATION)

FOREIGN DEBTOR                                                         CHAPTER 15

**MEMORANDUM OPINION AND**
**ORDER**

On March 5, 2024, the Foreign Representatives of the Foreign Debtor Wikeley Family

Trustee Limited (In Liquidation) filed a Motion for the Bankruptcy Court to Determine Property

of Foreign Debtor Based on the Judgment in the Foreign Main Proceeding.  [ECF No. 136.]  An

objection, reply, and sur-reply were filed.  [ECF Nos. 146-147, 149-150.]  The matter is fully

briefed and submitted for a decision.

The Motion is granted in part to assist the New Zealand High Court with enforcement of

its Orders.

**I.   Relevant Procedural History.**

The factual and procedural history of the proceedings that give rise to the more discrete

dispute in this matter involves allegations of global fraud, breach of contract, and other issues in

multiple courts in different countries.  The following is a summary of the parties and facts

necessary to aid the decision.

**A.  The Parties.**

The Foreign Debtor is a New Zealand company incorporated by Kenneth Wikeley, aka

Kenneth David Wikeley, on July 23, 2021.  [ECF No. 33-19.]  Kenneth Wikeley created the

Foreign Debtor to act as the trustee of the Wikeley Family Trust, which is a trust organized by Kenneth Wikeley under New Zealand law.  [ECF No. 45-6 at Ex. C.]

Kenneth Wikeley is a New Zealand citizen.  [ECF No. 32 (Joint Stipulations) at ¶ 4.] Kenneth Wikeley was the sole director and shareholder of the Foreign Debtor, and former trustee of the Wikeley Family Trust.  [ECF Nos. 33-19, 45-6 at Exs. G, F.]

Brendon James Gibson and Natalie Gytha Burrett are the Foreign Representatives.  They were appointed as interim liquidators of the Foreign Debtor in New Zealand on April 6, 2023. [ECF No. 5-1.]

Wikeley Inc. is a Kentucky corporation formed by Kenneth Wikeley on March 28, 2023. [ECF No. 32 at ¶ 24; *see also* ECF No. 45-6 at Ex. J.]  Kenneth Wikeley also incorporated USA Asset Holdings Inc. in Kentucky on April 11, 2023.  [ECF No. 128-2 at ¶ 18.]

**B.  The Fayette Circuit Court Action.**

On August 19, 2021, the Foreign Debtor, as trustee of the Wikeley Family Trust, commenced Civil Action No. 22-CI-2508 in the Fayette Circuit Court, Lexington, Kentucky, seeking damages from Kea Investments Limited ("Kea"), a company incorporated in the British Virgin Islands.  [ECF No. 32 at ¶ 1.]  The lawsuit alleged breach of an instrument called a Coal Funding and JV Investment Agreement that indicates it was signed by Kenneth Wikeley, as former trustee for the Wikeley Family Trust, and Peter Dickson, as director of Kea ("Coal Agreement").  [*Id.*; *see also* ECF No. 29-1.]

The Fayette Circuit Court entered a default judgment against Kea on January 31, 2022, in the amount of $123,750,000.00 (the "Default Judgment").  [ECF No. 32 at ¶ 5; *see also* ECF No. 29-4.]  On July 15, 2022, Kea entered a limited appearance in the Fayette Circuit Court to contest personal jurisdiction.  [ECF No. 32 at ¶ 7; *see also* ECF No. 33-6.]  Kea argued that it

first learned about the Coal Agreement and Default Judgment when its British Virgin Islands counsel received a statutory demand for payment. [ECF Nos. 33-4, 33-5, 33-6.] Kea also claimed it had a meritorious defense because the Coal Agreement was fake. [*Id.*]

On October 18, 2022, the Fayette Circuit Court denied Kea's request to set aside the Default Judgment. [ECF No. 33-9.] The Fayette Circuit Court determined service of process was appropriate and declined to decide whether Kea had a meritorious defense to the Default Judgment or if any prejudice would result if the Default Judgment was set aside. [*Id.*] The Fayette Circuit Court also denied Kea's subsequent request to alter, amend, or vacate the October 18 order. [ECF No. 33-10.]

Kea appealed and the matter is currently pending before the Kentucky Court of Appeals as Case No. 2022-CA1311. [ECF No. 32 at ¶¶ 14-15.] The appeal is stayed pursuant to orders issued in this Chapter 15 bankruptcy case.

**C. The Commencement of the New Zealand Proceedings.**

On October 31, 2022, Kea commenced Case No. CIV-2022-404-2086 in the New Zealand High Court against the Foreign Debtor, Kenneth Wikeley, and Eric John Watson, seeking damages and injunctive and declaratory relief based on allegations of a global conspiracy to commit fraud. [ECF No. 32 at ¶ 16; *see also* ECF No. 33-11.] Kea claimed the Coal Agreement and Default Judgment are a part of the defendants' global fraudulent scheme. [*Id.*]

The New Zealand High Court issued an interim injunction on November 4, 2022, that enjoined:

- the Foreign Debtor and Kenneth Wikeley from taking any steps, or causing or permitting any other person, to appoint an additional or replacement trustee of the Wikeley Family Trust;

- the Foreign Debtor from bringing or pursuing any litigation, or taking any steps to enforce or otherwise act on the Default Judgment; and

- the defendants from assigning any security interest in or over, or otherwise in any way whatsoever transferring or encumbering any interest any of them may have had, directly or indirectly, in any rights any of them may have had under or in connection with the Default Judgment.

[ECF No. 32 at ¶ 17; *see also* ECF No. 29-5.]  The New Zealand High Court Injunction was extended on November 11, 2022, and then made effective until further notice on December 12, 2022 (by order entered December 16, 2022).  *See infra* at Part II.B.2 (describing the extensions of the New Zealand High Court Injunction).

### D.  The Assignments and Appointment of the Foreign Representatives as Interim Liquidators.

On March 28, 2023, Kenneth Wikeley incorporated Wikeley Inc. with the Kentucky Secretary of State. [ECF No. 32 at ¶ 24; *see also* ECF No. 45-6 at Ex. J.]  Kenneth Wikeley and Wikeley Inc. then caused the Foreign Debtor to transfer the Coal Agreement to Wikeley Inc. pursuant to a Deed of Assignment of Contract dated March 30, 2023, executed by Kenneth David Wikeley (i) for the Assignor as Director of the Foreign Debtor, (ii) for the Foreign Debtor as the Judgment Holder, and (iii) for the Assignee as Director of Wikeley Inc.  [ECF No. 45-4.] Kenneth Wikeley and Wikeley Inc. also caused the Wikeley Family Trust, acting through the Foreign Debtor as the Judgment Holder, to transfer the Default Judgment to Wikeley Inc. pursuant to the Assignment of Judgment dated March 30, 2023, executed by Kenneth David Wikeley (i) as Director of the Foreign Debtor, and (ii) as Director of Wikeley Inc.  [ECF No. 45-3 (collectively with ECF No. 45-4, referred to as the "Assignments").]

Also on March 30, 2023, Kenneth Wikeley caused the Foreign Debtor to distribute any remaining assets of the Wikeley Family Trust to Wikeley Inc.  [ECF No. 45-9.]  On April 4, 2023, apparently acting on the authority of the Assignments, the Foreign Debtor and Wikeley

Inc. moved to substitute Wikeley Inc. as plaintiff in the Fayette Circuit Court Action.  [ECF No. 34-6.]

On April 6, 2023, the New Zealand High Court entered Interlocutory Orders in Case No. CIV-2022-404-2086 and Case No. CIV-2022-404-626.  [ECF No. 5-1.]  The Interlocutory Orders (1) allowed Kea to add Wikeley Inc. as a defendant and (2) further enjoined the Foreign Debtor, Kenneth Wikeley, and Wikeley Inc. from pursuing any litigation or attempting to enforce the Assignments or Default Judgment.  [*Id.*]  The Interlocutory Orders also appointed the Foreign Representatives as interim liquidators of the Foreign Debtor pursuant to the New Zealand Companies Act 1993, and granted Kea leave to continue its civil action against the Foreign Debtor.  [*Id.*]

The Foreign Representatives notified Kenneth Wikeley of their appointment on April 12, 2023.  [ECF No. 35-1 (Affirmation of Natalie Gytha Burrett); *see also* ECF No. 127-8.]  That same day, Kenneth Wikeley appointed USA Asset Holdings to replace the Foreign Debtor as trustee of the Wikeley Family Trust. [ECF No. 35-1 (Affirmation of Natalie Gytha Burrett); *see also* ECF No. 45-6 at Ex. L.]  USA Asset Holdings then resolved to change the governing law of the Trust from New Zealand to Kentucky law.  [*See* ECF No. 135-1 at ¶ 63 n. 30.]

### E.  The Federal District Court Action.

On April 18, 2023, the Foreign Representatives filed Civil Action No. 5:23-CV-00116 in the United States District Court for the Eastern District of Kentucky seeking (1) a declaratory judgment that the Assignments were void *ab initio* and/or voidable; (2) an order enjoining the defendants Wikeley Inc., USA Asset Holdings, and various "John Does", from taking any steps to act on the Default Judgment; and (3) damages for the fraudulent transfer of the Default

5

Judgment under Kentucky state law. [ECF No. 32 at ¶ 35.] The matter is currently stayed pending a decision on this Motion. [E.D. Ky. Civil Action No. 5:23-CV-00116 at ECF No. 58.]

### F.  The Chapter 15 Petition.

On April 20, 2023, the Foreign Representatives filed a Chapter 15 petition on behalf of the Foreign Debtor. [ECF No. 1.] The Foreign Representatives immediately obtained provisional relief under 11 U.S.C. § 1519 that temporarily stayed Wikeley Inc.'s attempt to substitute as plaintiff in the Fayette Circuit Court Action. [ECF No. 10.]

An Order was entered on May 25, 2023, recognizing the New Zealand proceedings as a Foreign Main Proceeding pursuant to § 1519 and § 1520. [ECF No. 42 (the "Recognition Order").] *See also infra* Part II.E. The provisional relief terminated upon entry of the Recognition Order and the immediate imposition of the automatic stay. 11 U.S.C. § 1520(a)(1). An appeal of the Recognition Order is pending in the Eastern District of Kentucky.[1] [ECF No. 50.]

### G.  The New Zealand High Court's Final Judgment.

On November 17, 2023, the New Zealand High Court issued its Final Judgment on Kea's global fraud allegations. [ECF No. 135-1.] The New Zealand High Court made detailed findings of fact and conclusions of law, and entered:

a.  A permanent injunction ordering the defendants to:

  i.  consent and otherwise take all steps necessary to procure the discharge of the default judgment;
  ii.  refrain from seeking to enforce or act on the default judgment anywhere in the world, including by dealing with it by assignment or otherwise, issuing subpoenas, issuing interrogatories, seeking discovery, or otherwise seeking disclosure of information concerning Kea;

---

[1] Wikeley Inc.'s request to stay the proceedings pending an appeal of the Recognition Order was denied. [ECF No. 114.] Wikeley Inc. did not request a stay from the District Court. [*See generally* E.D. Ky. Civil Action No 5:23-cv-00172-GFVT.]

    iii.     withdraw, and desist from pursuing any further, any steps to enforce or otherwise rely on, the Coal Agreement;

    iv.     cause their privies and assignees to comply with the orders in paragraphs (1)-(3); and

    v.     reserving leave in relation to further relief necessary to give effect to these orders.

b.   Declarations that:

    i.     the default judgment was obtained by fraud;

    ii.     the default judgment is not entitled to recognition or enforcement in New Zealand;

    iii.     the Foreign Debtor, Mr. Wikeley, Wikeley Inc and USA Asset Holdings Inc are privies of each other in relation to the impugned transactions that are the subject of this proceeding;

    iv.     the Coal Agreement and the purported assignments of the Coal Agreement and the default judgment were void, cannot lawfully be performed and conferred no rights on Wikeley Inc; and

    v.     the purported appointment of USA Asset Holdings Inc as trustee of the Wikeley Family Trust and the purported change in the governing law of the Wikeley Family Trust were invalid and of no effect.

[ECF No. 135-1 at ¶ 156.]  The New Zealand High Court also awarded damages to Kea.  [*Id.*]

On December 6, 2023, the New Zealand High Court entered a Supplemental Judgment enjoining the Foreign Debtor and Kenneth Wikeley from taking any steps to appoint an additional or replacement trustee of the Wikeley Family Trust, or change its governing law, until 28 days after the Default Judgment is discharged.  [ECF No. 136-1.]  Kenneth Wikeley subsequently moved to set aside the Final Judgment and Supplemental Judgment in the New Zealand High Court and appealed the New Zealand High Court's decisions.  [ECF No. 151-2; *see also* ECF No. 136-2.]  A hearing on the appeal is scheduled for May 20, 2024.  [ECF No. 151-2.]

**H.  The Foreign Representatives' Motion.**

On March 5, 2023, the Foreign Representatives filed the underlying Motion requesting recognition of the New Zealand High Court's Final Judgment.  They propose an Order that

(1) gives comity to the Final Judgment pursuant to 11 U.S.C. § 1521 and/or § 1507 and (2) finds the Default Judgment is property of the Foreign Debtor.  [ECF No. 136-4.]

The Final Judgment provides a very detailed recitation of the New Zealand High Court's findings of fact and conclusions of law regarding the allegations of global fraud.  A portion of the Final Judgment determines the Assignments are not valid because (1) the Assignments perpetuated the conspiracy to commit fraud; (2) the Assignments breached the New Zealand High Court's orders, and a director may not cause a company to carry out any action enjoined by court order; and (3) executing the Assignments was a breach of Kenneth Wikeley's duties owed to the Foreign Debtor and the Foreign Debtor's powers as a trustee.  [ECF No. 135-1 at ¶¶ 144-146.]  The New Zealand High Court then ruled that "the purported assignments of the Coal Agreement and the default judgment were void, cannot lawfully be performed and conferred no rights on Wikeley Inc."  [*Id*. at ¶ 156(b)(iv).]

Wikeley Inc. claims recognition of the Final Judgment is outside the scope of Chapter 15 and not consistent with principals of comity.  [ECF No. 146.]  Wikeley Inc. also argues the Final Judgment is not final, the New Zealand High Court proceedings are a scheme to avoid the Default Judgment, and ownership of the Default Judgment is best resolved the United States.  [*Id.*; *see also* ECF No. 149-1.]

## II. Limited Recognition of the Final Judgment is Appropriate.

The New Zealand High Court Injunction unequivocally prevented the Foreign Debtor from assigning the Coal Agreement and the Default Judgment and barred Kenneth Wikeley from causing the Foreign Debtor to take that action.  It is a reasonable application of the principles of comity to assist the New Zealand High Court with protection of the integrity of its jurisdiction

8

and enforcement of its orders by recognizing the consequences of the violation of the New

Zealand High Court Injunction.

The New Zealand High Court found that Kenneth Wikeley and the Foreign Debtor

violated its injunction.  [ECF No. 135-1 at ¶¶ 58, 64, 122.]  It determined:

> [T]he Coal Agreement and the default judgment are invalid: … Secondly, the
> assignments by the Foreign Debtor were in breach of the Court's interim orders,
> and a director of a company can have no authority to cause the company to carry
> out an act which has been enjoined by a court order.  These assignments are
> therefore void and unenforceable by Wikeley Inc, having been executed without
> authority.

[*Id.* at ¶ 144 (footnotes omitted).]  The New Zealand High Court also found that replacing

the Foreign Debtor with USA Asset Holdings as trustee of the Wikeley Family Trust, and

the attempt to change the governing law of the Trust, were invalid and void actions.  [*Id.*

at ¶¶ 144-151.]

Based on the extensive findings and rulings of law in the Final Judgment, the

New Zealand High Court declared:

> (iv) the Coal Agreement and the purported assignments of the Coal Agreement
> and the default judgment were void, cannot lawfully be performed and
> conferred no rights on Wikeley Inc; and
>
> (v)  the purported appointment of USA Asset Holdings Inc as trustee of the
> Wikeley Family Trust and the purported change in the governing law of the
> Wikeley Family Trust were invalid and of no effect.

[*Id.* at ¶ 156(b).]

This Memorandum Opinion and Order only gives comity to these specific findings and

the decision by the New Zealand High Court that the Assignments and related actions were

invalid and void because the New Zealand High Court Injunction prohibited them.

9

**A.  A Bankruptcy Court May Give Comity to a Foreign Judgment.**

A federal court has the discretion to give comity to a foreign judgment in the United States. *Hilton v. Guyot*, 16 S. Ct. 139 (1895).  Comity is the "recognition which one nation allows within its territory to the legislative, executive or judicial acts of another nation, having due regard both to international duty and convenience, and to the rights of its own citizens, or other persons who are under the protections of its law." *Id.* at 143; *see also Taveras v. Taveraz,* 477 F.3d 767, 783 (6th Cir. 2007).  A federal court must confirm (1) there is no evidence of prejudice by the foreign court issuing the judgment, and (2) the party against whom the judgment is sought had notice and a fair opportunity to be heard.  *DRFP L.L.C. v. República Bolivariana de Venezueala*, 706 Fed. Appx. 269, 276-77 (6th Cir. 2017).

Comity is the principal objective of Chapter 15.  *Ad Hoc Grp. of Vitro Noteholders v. Vitro S.A.B. De C.V. (In re Vitro S.A.B. de C.V.)*, 701 F.3d 1031, 1053 (5th Cir. 2012).  Chapter 15 has broad, flexible rules to fashion relief appropriate to that objective, such as those found in § 1521 and § 1507. *Id.*

Section 1521 allows a bankruptcy court to grant "any appropriate relief" where it is "necessary to effectuate the purpose of [Chapter 15], and to protect the assets of the debtor or the interests of creditors."  11 U.S.C. § 1521(a); *see also* 11 U.S.C. § 1522 (relief under § 1521 is only available if the interests of creditors and other interested parties are sufficiently protected).  The non-exclusive types of assistance available under § 1521(a) include granting:

- injunctive relief to the extent not already granted upon recognition under § 1520 (subsections (a)(1), (2), (3));
- the ability to extend provisional injunctive relief granted under § 1519 prior to recognition (subsection (a)(6));[2]
- access to discovery tools (subsection (a)(4));

---

[2] Standards, procedures, and limitations applicable to an injunction shall apply to relief granted under these paragraphs.  11 U.S.C. § 1521(e).

10

- authority to administer or realize assets in the United States (subsection (a)(5)); and
- any additional relief available to a trustee, except for relief available under sections 522, 544, 545, 547, 548, 550, and 724(a) (subsection (a)(7)).

Additionally, a bankruptcy court can entrust the distribution of a foreign debtor's assets in the United States to a foreign representative "provided that the court is satisfied that the interests of creditors in the United States are sufficiently protected." 11 U.S.C. § 1521(b).

Section 1507 gives a bankruptcy court broad authority to grant "additional assistance" to a foreign representative if "consistent with the principles of comity." 11 U.S.C. § 1507. This assistance is available if it will reasonably ensure:

(1) just treatment of all holders of claims against or interests in the debtor's property;
(2) protection of claim holders in the United States against prejudice and inconvenience in the processing of claims in such foreign proceeding;
(3) prevention of preferential or fraudulent dispositions of property of the debtor;
(4) distribution of proceeds of the debtor's property substantially in accordance with the order prescribed by this title; and
(5) if appropriate, the provision of an opportunity for a fresh start for the individual that such foreign proceeding concerns.

*Id.* Additional assistance under § 1507 covers the types of relief that other provisions in Chapter 15 do not specifically address. *In re Vitro S.A.B. de C.V.*, 701 F.3d at 1055 (citing 8 COLLIER ON BANKRUPTCY ¶ 1507.01 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2012)).

Courts interpreting § 1521 and § 1507 note that, while the interplay between these statutes is not clear, it is evident that recognition assistance is discretionary and turns on "subjective factors that embody the principles of comity." *In re Rede Energia S.A.*, 515 B.R. 69, 91 (Bankr. S.D.N.Y. 2014) (citing *In re Toft*, 453 B.R. 186, 190 (Bankr. S.D.N.Y. 2011)). Thus, a bankruptcy court may defer to a foreign judgment if comity is appropriate and not "manifestly contrary to the public policy of the United States." 11 U.S.C. § 1506. The public policy exception in § 1506 is narrowly interpreted, and foreign judgments are generally granted comity if the foreign proceedings are fair and impartial. *In re Rede Energia S.A.*, 515 B.R. at 92.

11

The determination that the Assignments violated the New Zealand High Court Injunction and are void is entitled to comity. *See* RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 102, cmt. g (1988) (courts give a foreign nation's injunction the same effect it would have in that country). United States courts recognize and give effect to injunctions issued by foreign courts in bankruptcy and non-bankruptcy contexts. *See, e.g., In re Olinda Start Ltd.*, 614 B.R. 28 (Bankr. S.D. N.Y. 2020) (recognizing permanent injunction against certain lawsuits based on the terms of a "scheme of arrangement" (akin to a reorganization plan) approved by a British Virgin Islands court in a foreign main proceeding and granting corresponding injunction); *Collins v. Oilsands Quest, Inc.*, 484 B.R. 593 (S.D.N.Y. 2012) (recognizing and giving effect to a stay of proceedings against directors and officers issued by a Canadian bankruptcy court in a foreign main proceeding, and thereby staying a pending private security class action to accord comity to the Canadian court's stay orders); *Cardenas v. Solis*, 570 So. 2d 996 (Fl. Dist. Ct. App. 1990) (recognizing and giving effect to a Guatemalan court's temporary injunction enjoining a husband from transferring assets during a matrimonial action, and entering a corresponding temporary injunction enjoining the husband from transferring funds from banks located in Miami).

The following discussion confirms there is no evidence of prejudice by the New Zealand High Court, and the New Zealand High Court proceedings were reasonable and just.

**B. The New Zealand Proceedings Were Fair and Impartial.**

**1. The New Zealand Procedure for Issuing the Injunction was Fair and Consistent with United States Procedure.**

A comity analysis requires confirmation that the judicial process resulting in a foreign judgment was just, with appropriate notice and a fair opportunity to be heard. *See DRFP L.L.C.*, 706 Fed. Appx. at 277. The orders creating the New Zealand High Court Injunction and the

Final Judgment describe a robust and fair judicial process in an English common-law system (a system that is the root of the United States legal system).

Kea's request for relief that resulted in the New Zealand High Court Injunction was made *ex parte* based on affidavit testimony. [ECF No. 29-5.] The New Zealand High Court decided that, although the movant could have provided notice to the defendants, *ex parte* relief was warranted in the interest of justice. The New Zealand High Court found:

> I am satisfied that the interests of justice require the application to be determined without serving notice of the application given the risk that, if the defendants are perpetrating a fraud as Kea claims, they may take steps to defeat the injunction before it is granted if they have notice of the application. … This is an exceptional case warranting determination without notice. Of course, any order should be the minimum necessary to preserve the position pending an expedited hearing on notice, with leave reserved for the defendants to apply even sooner.

[*Id.* at ¶ 34.] *Cf.* FED. R. CIV. P. 65(b) (a temporary restraining order requires affidavit testimony to show immediate and irreparable injury and certification of the reasons why notice is not required); FED. R. BANKR. P. 7065 (incorporating Civil Rule 65); KY. R. CIV. P. 65.04 (same).

The New Zealand High Court Injunction was only initially effective until the next hearing on November 11, 2022. [*Id.*] *Cf.* FED. R. CIV. P. 65(b), FED. R. BANKR. P. 7065; KY. R. Civ. P. 65.04 (each providing that a temporary restraining order is limited and requires a subsequent hearing set at the earliest possible time). On November 10, 2022, counsel for Kenneth Wikeley and the Foreign Debtor entered an appearance in the New Zealand High Court and sought dismissal of the action for lack of jurisdiction and *forum non conveniens*. [*See* ECF No. 29-8 at ¶¶ 26-27.] On November 11, 2022, the New Zealand High Court extended the New Zealand High Court Injunction until the next hearing on December 12, 2022. [ECF No. 29-6.] On December 12, 2022, the injunction was extended pending further orders as documented in an Order entered December 16, 2022. [ECF No. 29-7; *see also* ECF No. 29-8 (an order entered March 10, 2023, indicated the December 12 extension was "varied and extended by consent").]

13

The record shows that there was ample notice and a fair opportunity to respond and present evidence to defend the allegations and seek termination of the temporary injunction. The New Zealand High Court reviewed the evidence submitted and denied Kenneth Wikeley's and the Foreign Debtor's request to dismiss the action by order entered March 10, 2023. [ECF No. 29-8.] The March 10 Order and prior orders contain extensive recitations of the facts and law confirming the New Zealand High Court's jurisdiction and provide a reasoned basis for the decisions. The orders also reflect due process consistent with New Zealand law and what a federal or state court in the United States might similarly expect. [*Id*. at ¶ 32; *see also* New Zealand High Court Rules 2016 at https://www.legislation.govt.nz/regulation/public/2016/0225/latest/whole.html.] *Cf.* FED. R. CIV. P. 4; FED. R. BANKR. P. 7004; KY. R. CIV. P. 4.04.

Issuance of the New Zealand High Court Injunction, as extended, did not run afoul of any fundamental principle of the law and policies of the United States.

### 2. The New Zealand High Court Injunction was Knowingly Violated.

The New Zealand High Court Injunction was issued on an *ex parte* basis because the defendants might take steps to defeat the injunction before it was granted. *See supra* Part II.B.1. The New Zealand High Court said the enjoined actions "might include taking steps to appoint a different trustee of the Wikeley Family Trust that is outside New Zealand or expediting steps in Kentucky or in other jurisdictions, including steps of which Kea is currently unaware." [ECF No. 29-5 at ¶ 34.] Unfortunately, the New Zealand High Court's concerns were validated just a few months after issuing the injunction.

In March and April 2023, Kenneth Wikeley created Wikeley Inc., caused the Foreign Debtor and Wikeley Inc. to execute the Assignments, created USA Asset Holdings to take over as trustee of the Wikeley Family Trust, and caused USA Asset Holdings to declare the Trust would

14

operate pursuant to Kentucky law.  These actions are an obvious violation of the New Zealand

High Court Injunction.  [*See* ECF No. 33-14 (Wikeley Inc. provided an affidavit prepared by

New Zealand solicitors that testifies the Assignments were validly executed ***but for the***

***injunction***).]  Further, Kenneth Wikeley caused and authorized the Assignments with full

knowledge he was exposing himself to personal sanctions. [ECF No. 45-6 at Ex. M.]  Kenneth

Wikeley executed a resolution dated March 30, 2023, that purports to pass off his actions as part

of a director's fiduciary duty, but the timing indicates he took these actions while the parties in

New Zealand believed he planned to pursue his appeal rights in the New Zealand High Court and

to avoid the New Zealand High Court Injunction.  [*See* ECF No. 135-1 at ¶¶ 145-46 (the New

Zealand High Court held a trustee violates its fiduciary duties by acting in violation of a court

order).]

Further, actions in this Chapter 15 proceeding confirm Kenneth Wikeley and Wikeley Inc.

are willing to knowingly violate legitimate Court orders.  Wikeley Inc., acting through its

director, Kenneth Wikeley, and the Regard Law Firm and Andre Regard, were found in contempt

when they attempted to remove the Foreign Debtor as plaintiff in the state court appeal after the

Chapter 15 was filed.  [ECF No. 44 at p. 3 ("Wikeley Inc. and Mr. Regard disturbed the status

quo and willfully violated the Stay Order and automatic stay.").]  The New Zealand High Court

presumably would lend assistance with enforcement of the automatic stay if the roles were

reversed.  There is no reason this Court should not assist the New Zealand High Court by

recognizing the consequences of actions taken in violation of the New Zealand High Court

Injunction.

**3. Wikeley Inc. and Kenneth Wikeley had a Fair Opportunity to Appear and Defend the Validity of the Assignments.**

Wikeley Inc. argues the New Zealand High Court litigation is a scheme to avoid the Default Judgment.  A court should not enforce a ruling from a foreign court under Chapter 15 where a party has engaged in "strategic conduct that is not to be encouraged." *Underwood v. Hilliard (In re Rimsat, Ltd.)*, 98 F.3d 956, 962 (7th Cir. 1996).  But the facts and decisions in the New Zealand High Court proceedings indicate that Kenneth Wikeley and Wikeley Inc. are taking actions that no United States court should encourage.

Kenneth Wikeley's counsel represented to the New Zealand High Court that he intended to appeal the decision denying his application to dismiss the action on jurisdictional grounds. [ECF No. 128-2 at ¶ 10.]  Kenneth Wikeley did not file a "statement of defence" (an answer) to Kea's complaint by the April 14 deadline or ask for additional time.  [*Id*. at ¶ 22.]  A similar default in a United States court could result in a default judgment based solely on the allegations in the complaint.

Instead of a default, the New Zealand High Court scheduled a "formal proof" (evidentiary hearing) on May 17, 2023, to review the evidence and give Kenneth Wikeley and the other defendants additional time to respond to and defend Kea's allegations.  [*Id*. at ¶¶ 23-24; ECF No. 34-12.]  Kenneth Wikeley's counsel moved to resign after the Assignments were executed, which was approved on April 17, 2023.  [ECF No. 34-12 at ¶ 4.]  Kenneth Wikeley and his Australian counsel[3] were then served with notice of the formal proof hearing and Australian counsel confirmed receipt of the same.  [ECF No. 128-2 at ¶¶ 25-26; ECF No. 135-1 at ¶¶ 66, 71.]  Wikeley Inc. and USA Asset Holdings were also served with notice at their principal offices

---

[3] Kenneth Wikeley's Australian counsel represented him in related contempt proceedings in Australia. [ECF No. 128-2 at ¶ 28.]

and by registered mail.  [ECF No. 135-1 at ¶¶ 66, 68.]  None of the parties filed a statement of defence and they did not appear or present evidence on May 17.  [*Id*. at ¶¶ 69-70, 72-76.]

On June 1, 2023, Kenneth Wikeley's Australian counsel entered an appearance and informed the New Zealand High Court that Kenneth Wikeley would seek a stay of the New Zealand proceedings and bring an application for additional time to defend against Kea's allegations.  [ECF No. 128-2 at ¶ 28.]  But Kenneth Wikeley waited another three weeks to act. On June 22, 2023, a third attorney entered an appearance for Kenneth Wikeley and filed a formal application for additional time.  [*Id*. at ¶ 29.]  In another thorough decision, the New Zealand High Court denied Kenneth Wikeley's application because he knew about the formal proof hearing and did not offer a valid excuse for his delay.  [*Id*. at ¶¶ 32-50.]

Kenneth Wikeley and Wikeley Inc. were given adequate notice and a fair opportunity to be heard on the dispute over the Assignments.  Wikeley Inc. has not offered any information that might even suggest prejudice by the New Zealand High Court.  There is no reason to question the fairness of the New Zealand High Court proceedings and its decision to avoid the Assignments based on the violation of the New Zealand High Court Injunction.

### C.  Creditors and Interest Holders Are Not Harmed.

A comity analysis under Chapter 15 requires consideration of the interests of creditors and other interested parties.  11 U.S.C. §§ 1521, 1522, 1507.  The creditors are not harmed by recognizing the Assignments are void.

Foreign Representative Natalie Burrett filed a report on May 5, 2024, listing the known claims against the Foreign Debtor.  [ECF No. 151-2.]  Three law firms that filed claims are based or have offices in the known areas affected by the allegations of global fraud:  New Zealand, England, and the British Virgin Islands (among other international locations).  The Legalist Fund

filed a claim based on a loan made to the Foreign Debtor to pay its Kentucky counsel and other legal expenses related to the Default Judgment, which Andre Regard and Regard Law Group PLLC initially failed to disclose to this Court. [ECF Nos. 127, 127-1.]  The New Zealand High Court has also charged the Foreign Debtor and Kenneth Wikeley with costs in the New Zealand High Court proceedings, and Kea has a claim for damages against the Foreign Debtor based on the Final Judgment.  [ECF No. 151-2; *see also* ECF No. 128-1.]

The Foreign Debtor's former United States law firm Regard Law Group PLLC also has a contingency fee claim for just over $32 million based on the value of the Default Judgment.  [*Id*.; *see also* ECF No. 22-1.]  The law firm is not a very sympathetic party.  It represented Wikeley Inc. in this case and in the District Court, but both Courts disqualified the firm and lawyer Andre Regard because the representation directly conflicted with their former client's [the Foreign Debtor's] claim to the Default Judgment.  [ECF Nos. 121, 122.]  Regard Law Group PLLC and Andre Regard also violated their duty to transfer their former client's documents once the representation stopped.  [*See* ECF Nos. 65, 119.[4]]

Giving limited comity to the New Zealand High Court's Final Judgment does not affect the Foreign Debtor's creditors.  The creditors voluntarily submitted to the New Zealand High Court's jurisdiction by filing proofs of claim in the New Zealand High Court.  *Cf. Langenkamp v. Culp*, 498 U.S. 42, 44 (1990) (creditor consents to equitable jurisdiction of bankruptcy court upon filing proof of claim).  The New Zealand Court is adequately equipped to administer the claims under New Zealand law in a manner much like a claims resolution process in the United States.  [*See* ECF No. 13-1 (Part 16 of the New Zealand Companies Act 1993).]

---

[4] The Foreign Debtor recently initiated an adversary proceeding seeking turnover of additional documents wrongfully withheld by Regard and Regard Law Group PLLC and damages for breach of the fiduciary duty owed to the Foreign Debtor. *See Wikeley Family Trustee Limited (In Liquidation) v. Regard*, Adv. No. 24-5013.

18

Wikeley Inc. also argues this decision should wait until after the appeal process in New Zealand is complete.  The appeal of the Final Judgment does not prevent consideration of the Foreign Representatives' request because the judgment is considered final even under United States law.  *See Lyon v. Eiseman (In re Forbes)*, 372 B.R. 321, 325 (B.A.P. 6th Cir. 2007) (federal and state court judgments are typically considered final even when a judgment is on appeal).

### D. Resolving the Global Fraud Case in One Jurisdiction Is Reasonable and Efficient.

The dispute in this case has cried out from the beginning for resolution in one court.  A key consideration for recognition of the Foreign Main Proceeding was preservation of the status quo to facilitate resolution of the dispute over the Assignments in a single jurisdiction.  [ECF No. 42.]  The Recognition Order provided, "There is a legitimate need to stay any further attempts to deal with a judgment that could represent property of the Foreign Debtor's estate.  Further, resolution in a single jurisdiction will limit any further attempts at international forum shopping and evasion of court orders."  [*Id.* at p. 9.]

Wikeley Inc. contends the issues in the New Zealand proceedings have already been decided by the Fayette Circuit Court and res judicata precludes Kea from re-litigating the same issues in New Zealand.  Res judicata bars re-litigation of the same cause of action decided on the merits in a prior suit involving the same parties or their privies.  *Louisville v. Louisville Prof. Firefighters Ass'n*, 813 S.W.2d 804, 806 (Ky. 1991).  This decision gives comity to the determination that the Assignments are void, which was not an issue in the Fayette Circuit Court case.  The Assignments did not exist until after the Fayette Circuit Court issued the Default Judgment.

19

Also, the parties and issues in the Fayette Circuit Court Action and New Zealand High Court Action are not the same.  The Fayette Circuit Court Action is between the Foreign Debtor and Kea and is based on a breach of the Coal Agreement.  In contrast, the New Zealand proceedings involve additional parties, and allegations of a conspiracy to commit global fraud based on events beyond execution of the Coal Agreement.  Kea raised fraud as basis for setting aside the Default Judgment in the Fayette Circuit Court, but the Fayette Circuit Court declined to consider the argument and denied the relief based on proper service only.  In contrast, the New Zealand High Court has taken evidence on the global fraud allegations and issued comprehensive findings of fact.

Wikeley Inc. also argues recognition would improperly cede the rights of a United States federal or state court to determine ownership of property in the United States.  But it is not the findings or orders issued by the New Zealand High Court regarding fraud or property ownership that are recognized.  Comity is only accorded to the determination that the New Zealand High Court Injunction was violated, and the actions taken in violation thereof – *i.e.*, the Assignments – are void.

Wikeley Inc. only complains because this limited application of comity would have the effect of placing the Default Judgment back in the control of the Foreign Debtor.  This does not prejudice the Foreign Debtor, its creditors, or the beneficiaries of the Wikeley Family Trust.

The Foreign Debtor was trusted to pursue the Default Judgment.  The Foreign Debtor is a New Zealand company, and the Wikeley Family Trust is a New Zealand trust, so the New Zealand High Court is the best forum to understand and apply relevant law.[5]  Further, a trustee's

---

[5] Kenneth Wikeley also claimed to change the governing laws of the Wikeley Family Trust to Kentucky law.  This action was declared void for the same reason the Assignments are void.  [ECF No. 135-1 at ¶ 156(b).]

20

duties do not change simply because a different party is responsible for making the decisions. The Foreign Debtor is still a fiduciary for the Wikeley Family Trust and the Foreign Representatives have the same obligations that Kenneth Wikeley had in his capacity as Director of the Foreign Debtor.[6]

There is also an added layer of protection because the Foreign Representatives are responsible to the New Zealand High Court. The Foreign Representatives are comparable to the independent chapter 7 and chapter 13 trustees that appear regularly in this Court as stewards of the debtors' bankruptcy estates with fiduciary duties to the estate. [ECF Nos. 13-1 (section 280 of the New Zealand Companies Act 1993 explains an interim liquidator must be a licensed insolvency practitioner that is disinterested); 13-2 (the Foreign Representatives are disinterested licensed insolvency practitioners); 151-1 and 151-2 (reports describing the Foreign Representatives' disinterestedness).]

This decision does not rely on or adopt the findings regarding global fraud, although they are hard to ignore. No United States court, federal or state, would agree to perpetuate a global fraud of the nature described by the New Zealand High Court in the Final Judgment. It is likely that the Fayette Circuit Court and the Kentucky Court of Appeals would take a similar view if this information was, or becomes, part of their records.

### E. Limited Recognition of the Final Judgment is Not Outside the Scope of Chapter 15.

Wikeley Inc. points out that the Final Judgment is only issued in Case No. CIV-2022-404-2086, which is assigned to Kea's civil action, and not Case No. CIV-2022-404-626, which is assigned to the liquidation proceeding. Wikeley Inc. argues that the Foreign Representatives are

---

[6] Wikeley Inc. suggests an insolvent party may not act as trustee of a trust in New Zealand. That is an issue for the Foreign Representatives and the New Zealand High Court to address and does not affect this case or decision.

ignoring the difference by improperly seeking recognition of an order outside the scope of Chapter 15.

It does not matter in which case the Final Judgment was issued. A federal court's power to give comity to a foreign judgment is not limited to only judgments issued in the insolvency proceeding. *See supra* Part II.A.

Further, the New Zealand High Court, the Foreign Representatives, and Wikeley Inc. have treated the cases as one action. The New Zealand High Court entered the April 6 Order appointing the Foreign Representatives in both cases. [ECF No. ECF No. 5-1 (certified order).] Also, the Foreign Representatives filed their initial interim liquidator status report to the New Zealand High Court in Case No. 2086. [ECF No. 35-1.]

In this chapter 15 action, the Foreign Representatives treated the cases as consolidated in their motion for recognition and the reference to one case continued in the papers filed by both parties leading to entry of the Recognition Order. [*See* ECF Nos. 3, 13, 16, 19, 23, 31, 32, 33-34.] Then, the Recognition Order recognized the April 6 Order is presumed authentic and Wikeley Inc. did not rebut the presumption. [ECF No. 42.]

The distinction between the cases has no bearing on this decision.

## III.    Conclusion.

Accepting the Assignments and related actions are void because they violate the New Zealand High Court Injunction is a reasonable and limited exercise of comity under Chapter 15 and United States law. Recognition that the Assignments are void unwinds Kenneth Wikeley's efforts to avoid the New Zealand High Court orders and puts the parties back in the position they were in before the Assignments were executed. This result does not cause harm to any party because the Foreign Representatives and the Foreign Debtor remain subject to the oversight of

the New Zealand High Court and have the same obligations to the beneficiaries of the Wikeley Family Trust as Kenneth Wikeley had in his capacity as Director of the Foreign Debtor when the Default Judgment was obtained.

Based on the foregoing, it is ORDERED that the Foreign Representatives' Motion is GRANTED IN PART. The New Zealand High Court's findings and declarations in the Final Judgment that the actions taken in violation of the New Zealand High Court Injunction, specifically the execution of the Assignments, replacement of the Foreign Debtor as trustee of the Wikeley Family Trust, and change in the governing law of the Wikeley Family Trust, are void is granted comity and given full force and effect in the United States.

23

---

**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*Gregory R. Schaaf*
**Bankruptcy Judge**
**Dated: Wednesday, May 15, 2024**
**(grs)**